OPINION OF THE COURT
Charles J. D’Arrigo, S.
In this pending proceeding, the decedent died on June 5, 1994, a resident of Richmond County. His last will and testament offered for probate is nondescript. It leaves several cash bequests to certain named individuals and charities and leaves the residuary estate to the sole distributee, Katy Silverman, decedent’s wife of many years.
The issue for determination herein revolves around the appointment of a fiduciary to administer this estate. Paragraph third of the will nominates as executors Royal S. Radin and John P. Gulino, both of whom are attorneys. The prayer for relief in the probate petition of John P. Gulino, the draftsman of this will, seeks that letters testamentary be issued to the petitioner and that they be denied to Royal S. Radin. In a cross petition filed by Royal S. Radin, he seeks the issuance of letters to him and that John P. Gulino be denied letters.
The cross petition seeks to disqualify John P. Gulino from serving as executor on the basis of SCPA 707 (1) (e) which provides, in part, that a person is ineligible to receive letters if one “does not possess the qualifications required of a fiduciary by reason of * * * dishonesty, improvidence, want of understanding, or [if one] is otherwise unfit for the execution of the office.” Mr. Radin contends that because of Mr. Gulino’s prior dishonest acts he should be disqualified from serving as executor herein. Mr. Gulino’s response is that there is nothing in *604 his character nor in his past which would make him ineligible to receive letters.
The petitioner, meanwhile, seeks to disqualify Royal S. Radin, a former Judge who currently serves as a Judicial Hearing Officer in Richmond County Supreme Court. The petitioner contends that Royal S. Radin is barred from serving as executor by virtue of Rules of the Chief Administrator of the Courts (22 NYCRR) § 100.5 (d) relating to judicial conduct. Specifically, that section provides as follows: "No judge, except a judge who is permitted to practice law, shall serve as the executor, administrator, trustee, guardian or other fiduciary, designated by an instrument executed after January 1, 1974, except for the estate, trust or person of a member of his or her family, or with the approval of the Chief Administrator of the Courts, a person not a member of the family with whom the judge has maintained a longstanding personal relationship of trust and confidence, and then, only if such service will not interfere with the proper performance of judicial duties.” Mr. Radin’s position, simply put, is that he no longer is a Judge and accordingly, the rules of judicial conduct set forth in 22 NYCRR 100.5 nó longer apply to him. He contends that there is nothing which would bar his serving as executor herein.
A two-day hearing was conducted concerning the eligibility of each nominated fiduciary to receive letters. After listening to testimony from both designated executors, the court reserved decision. Counsel for each then submitted posttrial memoranda which have been carefully reviewed.
Relative to the issue of ineligibility pursuant to SCPA 707 (1) (e), the weight of authority is to the effect that the showing against a nominated executor must be relatively strong in order to disqualify him on the ground of dishonesty. Indeed, the choice of the decedent should not be set aside lightly. (In re Mecko’s Will, 70 NYS2d 41.) The court is likewise mindful of the standard set for dishonest conduct which would render one incompetent to execute the duties of a fiduciary. This standard is set forth in Matter of Latham (145 App Div 849) and its progeny.
In Latham, the court stated (supra, at 854) "[t]he dishonesty contemplated by the statute must be taken to mean dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the executor.” Although the cross petitioner believes the funds of this estate would not be safe in *605 the hands of John P. Gulino, his proof fails to establish this. In applying the Latham standard, the court finds that John P. Gulino is not ineligible to receive letters testamentary pursuant to SCPA 707 (1) (e).
The court now turns its attention to the petitioner’s contention that Royal S. Radin is barred from serving as executor herein by reason of his position as a "Judge”. This is a specious argument inasmuch as Mr. Radin is currently a Judicial Hearing Officer, and not a Judge.
The rules of judicial conduct do, indeed, in most instances bar Judges from serving as executors. However, 22 NYCRR 100.5 (d) does not apply to Judicial Hearing Officers. As set forth separately, the Rules of the Chief Administrator of the Courts provide that a Hearing Officer "shall disqualify himself * * * in any proceeding under the same circumstances where a judge * * * would be required to disqualify himself * * * under decisional law or pursuant to the provisions of any statute, the Code of Judicial Conduct or Part 100 of [this Title].” (22 NYCRR 122.11.)
Clearly then, a Judicial Hearing Officer would be governed by the same law (22 NYCRR 100.3 [c]) which sets forth those circumstances in which a Judge must disqualify himself in a proceeding in which his impartiality might reasonably be questioned. Nowhere, however, in the rules relating to Judicial Hearing Officers does it provide that they must also comply with those rules barring extrajudicial activities for Judges, including fiduciary activities as set forth in 22 NYCRR 100.5 (d).
Finally, assuming arguendo that petitioner is correct that a Judicial Hearing Officer is indeed considered a Judge, Royal S. Radin would nevertheless be able to serve as executor herein. The prohibition of fiduciary activities for Judges as set forth in 22 NYCRR 100.5 (d) specifically exempts Judges who are permitted to practice law. Royal S. Radin, as a Judicial Hearing Officer, is not barred from practicing law (see, 22 NYCRR 122.10), and clearly, therefore, even if he were considered a Judge he is not barred from serving as a fiduciary. There being no statutory bar to his being an executor, the court finds that Royal S. Radin is not ineligible to receive letters testamentary.
Furthermore, the court is satisfied upon all the proof that the propounded instrument is genuine, was validly executed and that at the time of execution, decedent was competent in *606 all respects to make a will and free from restraint (EPTL 3-2.1; SCPA 1408).
The propounded instrument, dated February 25, 1978, shall be admitted to probate and letters testamentary shall issue to the petitioner and cross petitioner, upon their duly qualifying according to law. The petition for preliminary letters testamentary heretofore filed herein is hereby dismissed as being moot.